**Roger J. BERUBE, et al.**

v.

**TOWN OF SANFORD.**

Supreme Judicial Court of Maine.

Argued June 5, 1989.

Decided July 27, 1989.

Joseph Lenkowski (orally), Sanford, for appellants.

William Dale, Gwendolyn H. Lyford (orally), Jensen, Baird, Gardner & Henry, Portland, for appellee.

Before ROBERTS, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

ROBERTS, Justice.

Roger and Susan Berube appeal from a judgment of the Superior Court (York County, *Alexander, J.*) denying their motion for trial and dismissing their complaint for review of governmental action filed pursuant to M.R.Civ.P. 80B. The Berubes' complaint alleged the Sanford Board of Selectmen seized a portion of their property by eminent domain absent public exigency, in violation of article I, section 21 of the Maine Constitution. We affirm the judgment.

The record on appeal does not contain a transcript of the meeting at which the Board voted or a transcript of the hearing during which the court denied the Berubes' motion and dismissed their complaint. Because the record is so limited, the only issue properly before us is whether the court incorrectly denied the Berubes' motion for trial of the facts. M.R.Civ.P. 80B(d) states in pertinent part:

If the court finds on motion that a party to a review of governmental action is entitled to a trial of the facts, the court shall order a trial to permit the introduction of evidence that does not appear in the record of governmental action and that is not stipulated.... With the motion the moving party shall ... file a detailed statement, in the nature of an offer of proof, of the evidence that the party intends to introduce at trial.

Although the motion states that no state or municipal personnel were able to present the facts at the public hearing and that they were "deprived of both the facts themselves and the ability to question their sources and validity," it does not contain a "detailed statement" sufficient to warrant the granting of the Berubes' request. Review of the limited record on appeal indicates the court properly determined that the Berubes had not established that they were entitled to a trial of the facts. Lack of an adequate record prevents us from reviewing the court's dismissal of the Berubes' complaint itself. *See, e.g., Giberson v. Quinn*, 445 A.2d 1007, 1010 (Me.1982).

The entry is:

Judgment affirmed.

GLASSMAN and COLLINS, JJ. concur.

HORNBY, Justice, with whom CLIFFORD, Justice joins, concurring.

The Court declines to review the Superior Court's dismissal of the Berubes' complaint for lack of an adequate record. I find no such deficiencies in the record. Instead, I would affirm on the merits.

Although we do not have a transcript of the hearing at which the Superior Court dismissed the Berubes' complaint, the Town of Sanford has agreed in both its brief and oral argument that the basis of the Superior Court's action is clear. Specifically, the Superior Court concluded that the complaint failed as a matter of law. We do not need a transcript of the Superior Court's hearing in order to determine whether that conclusion was correct.

The Berubes also cannot be faulted for failing to provide the Superior Court or this Court with a transcript of the meeting of the Board of Selectmen. They are in full compliance with the rules. M.R.Civ.P. 80B(e), (g) establishes the date the Berubes' brief was due in the Superior Court as the deadline for filing the record. The Berubes' motion for a trial of the facts in the Superior Court automatically stayed that deadline until the Superior Court ruled. M.R.Civ.P. 80B(d). Thus, the date never arrived when the transcript of the Selectmen's meeting was due. Moreover, the Town of Sanford had not filed a motion to dismiss. At the hearing on the Berubes' motion for a trial, the Superior Court simply took it upon itself, because of certain concessions the Berubes made, to dismiss their complaint. There is thus no basis for us to criticize the Berubes for having failed to provide a transcript at that time. Accordingly, I reach the merits.

In their complaint, the Berubes challenge the Town's taking of part of their real property to rebuild a bridge. The complaint states that no public exigency exists that requires the taking. But the Berubes conceded before the Superior Court and now in their brief before this Court that "the Board of Selectmen, in condemning Appellants' property, had not acted with malice toward Appellants or with any intent to injure them." Their argument is simply that the Board of Selectmen "had reached its decision to condemn Appellants' property without possession of any of the facts necessary to actually address the issue of whether or not the taking of Appellants' property was necessary to the purpose for which the taking was sought." The Berubes' specific criticism is that "the only facts upon which the Board acted were that a determination had been made that the existing bridge was unsafe and should be rebuilt and widened and that the State of Maine would not undertake the project unless the property of Appellants and abutting landowners was condemned to the extent specified in the State's construction plans." Since the Berubes do not challenge the need to rebuild the bridge, the whole basis of their complaint is that

the Board of Selectmen relied upon the State Department of Transportation to determine what land had to be taken to rebuild the bridge rather than make its own investigation. On its face this assertion is inadequate. There is no legal principle that prevents a lay Board of Selectmen from relying upon the opinion of a state agency like the State Department of Transportation in concluding what is necessary to rebuild a bridge. Consequently, I conclude that the Superior Court was entirely correct in deciding that, with the Berubes' concessions, the case failed as a matter of law and must be dismissed. I would not reach the issue whether the Superior Court correctly denied the Berubes' motion for a trial of the facts under M.R.Civ.P. 80B(d) because that decision was not appealed by the Berubes and has not been briefed or argued by the parties.